DANIEL PELLÓN LAFUENTE y OTROS, demandantes y recurridos, *v.* ALBERT R. O'CLARE ET AL., demandados y recurrentes.

*Número:* R-66-171 *Resuelto:* 27 de febrero de 1970

*J. Valldejuli Rodríguez*, abogado de los recurrentes; *Mariano Acosta Velarde* y *Daniel Pellón Lafuente*, abogados de los *recurridos*.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Cuatro titulares del Condominio San Jorge, inmueble sito en el Núm. 267 de la calle del mismo nombre en Santurce, Puerto Rico, demandaron al administrador y al Consejo de Titulares de dicho condominio alegando que son dueños de cuatro apartamentos en ese edificio "y a su vez, como parte de los mismos, de una nave bajo techo en el ala Sur del edificio asignada para el estacionamiento de sus automóviles y facilitarle el paso a las distintas entradas del edificio."

Alegaron también que el administrador del condominio comenzó a construir una pared de bloques que divide la nave ocupada por los demandantes; que ellos, los demandantes, no han dado su consentimiento para ello; y solicitaron del Tribunal Superior una orden de entredicho que prohibiese la continuación de la construcción de la pared y que ordenase la destrucción de la parte ya construida.

El Tribunal Superior concedió el remedio solicitado y nosotros accedimos a revisar.

Luego de estudiar el voluminoso expediente, el cual contiene las alegaciones, extensos alegatos, la transcripción de evidencia, un plano, la escritura matriz mediante la cual se sometió el inmueble al régimen de la propiedad horizontal, otras escrituras y otra prueba documental y de examinar el derecho aplicable, hemos llegado a la conclusión que debemos revocar la sentencia del Tribunal Superior dictada en este caso. A continuación resumiremos las razones que nos llevan a la antes dicha conclusión.

El condominio San Jorge fue construido por la San Jorge Realty Corporation y fue dedicado al régimen de la propiedad horizontal mediante la Escritura Matriz de Condominio, escritura Núm. 19, otorgada ante el notario Don Basilio Santiago Romero, en San Juan, Puerto Rico, en 25 de junio de 1962, a tenor con nuestra Ley de la Propiedad Horizontal, Ley Núm. 104 de 25 de junio de 1958; 31 L.P.R.A. sec. 1291 y ss.

Como los demandantes alegan que la pared en cuestión les impide el paso es necesario describir la situación física de esos garages. También tendremos que determinar si los demandantes tienen derecho a transitar con sus vehículos y a pie por los garages que tienen al frente de los suyos.

El inmueble en cuestión consta de un amplio solar y de un edificio cuya planta terrera está dedicada a garages y a otros menesteres y cuyas otras once plantas contienen 33 apartamentos residenciales. Además de los garages que están directamente debajo del edificio en su planta terrera también hay dos estructuras adicionales dedicadas a garages, situadas en las dos esquinas de la parte de atrás del solar.

 Para un más rápido entendimiento del problema expresamos desde ahora que las áreas de los garages de dicho condominio son áreas privadas y no son áreas o elementos comunes. Esto es así porque así lo dice expresamente la escritura matriz del condominio. La Ley de la Propiedad Horizontal dispone ciertas cosas que son obligatorias y en cuanto a lo demás los titulares se atendrán a lo pactado en la Escritura Matriz. Los elementos que son obligatoriamente comunes están relacionados en el Art. 11 de la ley. 31 L.P.R.A. sec. 1291i. Algunos ejemplos de estos son los ascensores, los incineradores, las instalaciones de servicios centrales tales como agua y luz, los cimientos y las paredes maestras del edificio, etc. Estos elementos comunes generalmente no son susceptibles de ser propiedad exclusiva de uno o algunos titulares con exclusión de los demás, pues ello podría hacer prácticamente imposible el buen funcionamiento del edificio en condominio como tal. Difícilmente pueden dejar de ser elementos comunes los cimientos del edificio, sus paredes maestras, las instalaciones centrales de agua y luz y las escaleras y ascensores. Por el contrario, un garage puede ser privado—igual que lo puede ser un apartamento—sin que ello ocasione las consecuencias antes mencionadas. Por eso el Art. 11, en su

enumeración taxativa, no incluye a los garages como elementos que tienen que ser forzosamente comunes.

La escritura matriz del Condominio San Jorge, al determinar cuáles son las áreas o elementos privados y cuáles son los comunes dispone lo siguiente:

"El edificio está compuesto de los siguientes elementos:

A:—Areas Privadas:

Uno: Treinta y tres (33) apartamientos residenciales.

Dos: Veintiocho garages abiertos en el piso terrero del edificio y dos cobertizos abiertos con capacidad para cinco automóviles cada uno, ubicados en las esquinas noroestes y suroestes [*sic*] del solar, o sea en las esquinas del patio posterior."

Luego de esa relación arriba copiada la escritura menciona cuáles son los elementos comunes. Éstos son los usuales en todo edificio de esa naturaleza: el terreno en que se asienta el edificio, el incinerador, las escaleras, los ascensores, los tanques de agua, el vestíbulo principal, el cuarto del conserje, la marquesina, etc. También señala como elemento común limitado el vestíbulo de cada planta.

Confirmando la intención de impartirle una naturaleza privada a los garages y de separarlos del resto del *solar* que sirve de patio común, en adición a lo ya antes citado de la escritura matriz del Condominio San Jorge, la misma en su apartado noveno, dispone lo que sigue:

"El espacio para estacionar automóviles en la planta terrera del edificio y en los edificios anexos y accesorios será distribuido *entre todos los condómines*, de manera que cada uno de dichos condómines o titulares tenga un local para estacionamiento."

A tenor con la escritura matriz del condominio, no hay duda de que los titulares tienen derecho a por lo menos un local para estacionamiento. No está aquí planteado ni tenemos que resolver si se trata de un derecho de propiedad o de otra clase de derecho real o si se trata de que los que dedicaron el inmueble al régimen de la propiedad horizontal establecieron una relación de servidumbre entre cada apartamento, como

inmueble dominante, y cada local individual de estacionamiento, como inmueble sirviente, pero sí parece claro que los titulares tienen un derecho sobre su lugar de estacionamiento.

La situación física que da margen a este litigio es la siguiente. El solar en que está ubicado el condominio tiene su frente hacia la calle San Jorge, la cual allí corre de Norte a Sur. Como el solar queda al lado Este de dicha calle, el frente del edificio queda hacia la parte Oeste del solar. El solar del edificio tiene dos amplias entradas para automóviles. Una en su lado Sur y otra en su lado Norte. Estas entradas permiten la entrada y salida de automóviles de la calle San Jorge al solar. Ambas entradas son de tránsito bidireccional. Los garages de los demandantes están en el ala Sur del edificio. Tienen su frente o acceso hacia el Este y tienen por su lado Oeste otros garages. Por sus lados Norte y Sur tienen paredes. Estas no están en controversia. Las paredes que se construyeron posteriormente por acuerdo de la mayoría de los titulares y las cuáles dieron motivo a este pleito separan los garages que dan hacia el Este de los que dan hacia el Oeste. Dichas paredes no impiden la entrada y salida de nadie al patio o a la calle. Los titulares que poseen los garages que dan al Oeste entran y sacan sus vehículos por las puertas de esos garages que dan al Oeste. Los demandantes que poseen los garages que dan hacia el Este tienen las entradas y salidas de sus garages por sus puertas que dan hacia el Este. Las paredes en cuestión individualizan o separan los garages. Dichas paredes aparecen en el plano. Antes de construirse esas paredes los demandantes pasaban por dentro de los garages que tienen al frente (lado Oeste) cuando los titulares que poseen esos garages no tenían allí sus carros estacionados. Pero no podían hacerlo cuando dichos titulares allí los tenían. Los demandantes tienen derecho a conducir sus vehículos por ambas entradas del solar y por la zona de rodaje que circunda el edificio y tienen derecho a estacionarlos en sus gara-

ges. Pero no tienen derecho a transitar por los garages de otros titulares.

Contrario a la pretensión de los demandantes, el ingeniero Luis Fernández Seín, quien dirigió la construcción del edificio, declaró que "el edificio está dotado de un área de rodaje a la vuelta redonda del mismo y que no se contemplaba [*sic*] el paso a través de los garages." T.E. II, 149. Y el ingeniero Luis Fernández Cuyar, Presidente de la corporación que construyó el edificio, declaró que los garages no fueron construidos para servir de zona de rodaje o de entrada y salida del edificio. T.E. II, 188. También declaró que las paredes que se construyeron para dividir los garages de la planta terrera del edificio (las que aquí están en controversia) no afectan la solidez y seguridad del mismo. T.E. II, 192.

◾ Dispone la Ley de Propiedad Horizontal que para toda obra que afecte los elementos comunes del inmueble se requerirá el consentimiento unánime de todos los titulares. En este caso, hemos visto, no se trata de elementos comunes. Dispone también la ley que "Las obras necesarias para la conservación del inmueble y para el uso eficaz de los elementos comunes serán acordadas por la mayoría de los titulares." 31 L.P.R.A. sec. 1291n. Aun bajo la interpretación más favorable para los demandantes, asumiendo, sin que así lo resolvamos, que se trata de elementos comunes, las paredes cuya construcción se acordó por la mayoría de los titulares son obras que tienen el propósito de hacer posible el uso eficaz de los espacios destinados a garages. Al individualizar los garages la seguridad de los automóviles que allí se estacionan y de las personas que allí concurren mejora notablemente.

Lo que aquí resolvemos no está en pugna con lo que resolvimos en *Castle Enterprises, Inc.* v. *Registrador*, 87 D.P.R. 775 (1963). Allí la situación era distinta. No se trataba de una controversia de unos titulares con otros o de unos titulares contra su Consejo de Titulares, sino que se trataba de

una controversia entre el condominio o sus titulares y el Registrador de la Propiedad.

Como se recordará, en *Castle* el Registrador se negó a inscribir junto con el edificio y su solar una parcel que estaba separada físicamente del solar del condominio y la cual estaba dedicada al estacionamiento de los vehículos de motor de los titulares. Allí no había garages, ni abiertos ni cerrados, sino una parcela destinada a parque de estacionamiento. Luego del estudio correspondiente allí expresamos, a la pág. 786, que según eran inscribibles bajo un solo número dos predios rurales que formasen parte del mismo negocio o empresa aunque no estuviesen físicamente contiguos, también eran inscribibles bajo un solo número la parcela de estacionamiento del Condominio San Martín y el edificio y su solar porque dicha parcela era parte de esa empresa o condominio y porque era un elemento de uso común del condominio y necesario para su existencia como tal, a tenor con el apartado "g" del antes citado Art. 11 de la Ley de la Propiedad Horizontal. En el caso de autos no se trata de una parcela dedicada a parque de estacionamiento sino a unas áreas construidas, con techo y paredes de hormigón, y dedicadas por la propia escritura matriz a áreas privadas en calidad de garages. Ambos casos y sus planteamientos son distintos. La naturaleza privada o común de un local de estacionamiento en estos casos depende esencialmente de lo que se pacte en las escrituras.

*Se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 13 de mayo de 1966 y se dictará otra declarando sin lugar la demanda, con imposición de costas.*

El Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Dávila no intervinieron.